WILLIAM WORTHINGTON, PROSECUTOR, v. THE MAYOR, ETC., OF THE CITY OF SOMERS POINT, DEFENDANT.

Submitted October term, 1924—Decided December 31, 1924.

**Resolution of Common Council—Street Grading—Cost Will Exceed $500, and Bids Were Not Advertised For—Motion Vague and Indefinite—Taxpayer Has Right to Know Cost and Exact Part of Street To Be Graded.**

On *certiorari*.

Before Justices 'KALISCH, BLACK and CAMPBELL.

For the prosecutor, *Clinton C. Shinn.*

For the defendant, *Enoch A. Higbee.*

PER CURIAM.

The *certiorari* in this case was allowed to review a resolution of the common council of the city of Somers Point, passed on the 13th day of June, 1924, in form as follows: "Motion made by Mr. Hentz, duly seconded and carried, that 'Fourth street be graded, starting at New York avenue, at a cost of not exceeding $500, and that the same be graveled the same distance, gravel to be carted by Ireland at contract price.'"

The prosecutor writes down six reasons for setting aside the resolutions:

1. Because such improvement should be authorized by ordinance under article 20 of *Pamph. L.* 1917, *pp.* 319, 370.

2. The cost of grading and graveling Fourth street will exceed $500.

3. The common council did not advertise for bids. *Comp. Stat.,* p. 1021, § 43.

4. The motion is vague and indefinite; it does not indicate whether said grading and graveling be extended in a northeasterly direction or in a southwesterly direction.

5. The motion does not establish what portion of Fourth street is to be improved by the grading and graveling thereof.

6. The motion in divers other respects is illegal.

We think, for these reasons, the motion or resolution should be set aside. A taxpayer has a right to know what the contemplated improvement is to cost and the exact part of Fourth street proposed to be graded and graveled.

It is set aside, with costs, so ordered.